UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/2023
```

---

SAMUEL MUNIZ III,

                          Plaintiff,

          v.

ORANGE COUNTY, TRINITY SERVICES
GROUP, INC., SYDNEY LUCKNER, and
CORRECTIONAL OFFICER SELLERS,

                          Defendants.

---

22 CV 529 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

          Plaintiff Samuel Muniz III ("Plaintiff") brings this action against Defendant Orange

County ("Orange County") and Defendant Correctional Officer Sellers ("Sellers") (collectively,

the "County Defendants"), as well as against Defendant Trinity Services Group, Inc. ("Trinity")

and Defendant Sydney Luckner ("Luckner") pursuant to 42 U.S.C. §1983 ("Section 1983"),

alleging federal and state law claims for assault, excessive force, and failure to intervene. In Counts

One though Four of his Complaint ("Compl.," ECF No. 1), Plaintiff asserts claims against

Defendants Orange County and Luckner pursuant to Section 1983 for: (1) assault in violation of

the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution ("U.S.

Constitution"); and (2) excessive force in violation of the Fifth, Eighth, and Fourteenth

Amendments to the U.S. Constitution. (Compl. ¶¶ 24-41.) Additionally, in Count Five, Plaintiff

advances a claim against Defendant Sellers pursuant to Section 1983 for failure to intervene in

violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. (*Id.* ¶¶ 42-44.) And,

finally, in Counts Six and Seven, Plaintiff asserts state law claims against Defendants Luckner,

Trinity, and Orange County for assault and excessive force. (*Id.* ¶¶ 45-52.)

The County Defendants and Trinity each move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF Nos. 29 and 38.)[1] The Court addresses Defendants' motions together in this Opinion. For the following reasons, Defendants' motions to dismiss Plaintiffs' federal and state law claims are GRANTED, and Plaintiff's claims are dismissed without prejudice.

## **BACKGROUND**

The facts herein are mainly drawn from Plaintiff's Complaint. The Court "accepts all well-pleaded facts in the Complaint and Supplemental Pleading as true for the purpose of ruling on a motion to dismiss." *Jackson v. NYS Dep't of Labor,* 709 F.Supp.2d 218, 222 (S.D.N.Y. 2010).

I.      **Description of the Individuals Relevant to this Action**

Plaintiff is a 30-year-old male who was incarcerated at Orange County Correctional Facility ("OCCF") at all times relevant to this action, which is located in Goshen New York; he was held under the custody of the Orange County Sheriff. (Compl. ¶ 1.) Defendant Orange County is a municipality within the State of New York that operates OCCF. (*Id.* ¶ 2.) Plaintiff alleges that Defendant Trinity was contracted to provide food services to inmates held in OCCF, and that Defendant Luckner was an employee of Trinity assigned to the OCCF kitchen and food service area. (*Id.* ¶¶ 3, 4.) Luckner purportedly supervised inmates assigned to kitchen and food service duties, including Plaintiff. (*Id.*)

---

[1] The Court does not address Plaintiff's claims against Defendant Luckner in this Opinion, as he has failed to answer or otherwise appear in this action. On February 24, 2023, the Court issued an order to show cause for the entry of a default judgment as to Defendant Luckner, ordering that he show cause before this Court on March 28, 2023 at 12:45 PM or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure entering a default judgment against Defendant Luckner for failure to answer or otherwise appear in this action. (ECF No. 51.)

At all times relevant to this action, Defendant Sellers was an employee of Orange County assigned to the OCCF kitchen and food service area. (*Id.* ¶ 5.) Plaintiff alleges that Sellers' purpose in this position was to ensure the safety of civilian employees and inmates. (*Id.*)

## II.     Alleged Assault of Plaintiff

On January 24, 2021, while Plaintiff was incarcerated at OCCF, Defendant Luckner changed Plaintiff's work assignment from the preparation and service of meals in the prison's kitchen to some other unspecified kitchen tasks. (Compl. ¶ 11.) Plaintiff alleges that Luckner became verbally hostile when Plaintiff questioned him about this change. (*Id.* ¶ 12.)

On January 25, 2021, Plaintiff was working in OCCF's kitchen when Luckner continued the verbal assault from the previous day. (*Id.* ¶ 14.) Plaintiff claims that Defendant Sellers was aware of Luckner's abusive behavior at this time but failed to intervene to stop it. (*Id.* ¶ 15.)

At some point after Luckner initiated this verbal assault, Luckner allegedly instructed Plaintiff to accompany him away from other inmates to an area near the civilian bathroom that did not have surveillance cameras. (*Id.* ¶ 16.) When Plaintiff and Luckner reached this area, Luckner pushed Plaintiff backwards over a chair, placed him in a headlock, and struck Plaintiff multiple times on the face and other parts of the body. (*Id.* ¶ 17.) Plaintiff alleges that Sellers was able to hear the assault, and that he nevertheless failed to intervene to stop it. (*Id.* ¶ 18.)

Plaintiff states that he sustained fractures to a metal plate in his jaw, a black eye, bruising, damages to several teeth, and lower back injuries from Luckner's assault. (*Id.* ¶ 19.) Additionally, Plaintiff claims that he was forced to undergo corrective oral surgery to replace the fractured plate, and that he continues to suffer from jaw and back pain that may require additional surgery. (*Id.* ¶¶ 21-23.)

Due to the foregoing allegations, Luckner was charged in criminal court with, *inter alia*, assault in the third degree. (*Id.* ¶ 20.) These charges remain pending. (*Id.* ¶ 21.)

## LEGAL STANDARDS

### I.        Rule 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), the inquiry for motions to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*, at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" to credit "mere conclusory statements," or to accept "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id*. at 679.  A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

### II.       Materials Considered

 In considering a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint*." DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); and *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). A document is incorporated by reference where the

complaint "make[s] a clear, definite and substantial reference" to it. *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F.Supp.2d 273, 275–76 (S.D.N.Y. 2002) (collecting cases). "[E]ven if not attached or incorporated by reference, a document 'upon which [the complaint] solely relies and which is integral to the complaint' may be considered by the court in ruling on [a motion to dismiss]." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (second alteration in original) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Chambers*, 282 F.3d at 153).

   Additionally, the Court may take judicial notice of certain publicly available documents, including, for example, a plaintiff's arrest reports, indictments, and criminal disposition data. *Corley v. Vance*, 365 F.Supp.3d 407, 432 (S.D.N.Y. 2019) (collecting cases); *see Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (noting that courts may "look to public records, including complaints filed in state court, in deciding a motion to dismiss") (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); and *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)). When taking judicial notice of such documents, the Court does so "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1991)).

**III.    42 U.S.C. §1983**

   Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights

elsewhere conferred by those parts of the United States Constitution and federal statutes that it

describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Patterson v. County of*

*Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under Section 1983, a plaintiff must

allege that, "(1) the challenged conduct was attributable to a person who was acting under color of

state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution."

*See Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *see also Castilla v. City of New York*, No.

09 Civ. 5446, 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013). Therefore, a Section 1983 claim

has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of

the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or her

constitutional rights or privileges. *See Annis v. Cnty. of Westchester*, 136 F.3d 239, 245 (2d Cir.

1998); *see also Quinn v. Nassau Cnty. Police Dep't*, 53 F.Supp.2d 347, 354 (E.D.N.Y. 1999)

(noting that Section 1983 "furnishes a cause of action for the violation of federal rights created by

the Constitution").

## DISCUSSION

I.   **Plaintiff's Claims Against Orange County Pursuant to Section 1983 for Assault**
     **and Excessive Force in Violation of the Fifth, Eighth, and Fourteenth**
     **Amendments to the U.S. Constitution**

Plaintiff's First and Third Counts together allege a claim against Orange County pursuant

to Section 1983 for assault in violation of the Fifth, Eighth, and Fourteenth amendments to the U.S

Constitution. Likewise, Plaintiff's Second and Fourth Counts together allege a claim against

Orange County pursuant to Section 1983 for excessive force in violation of the Fifth, Eighth, and Fourteenth amendments to the U.S. Constitution.

A municipality, such as Orange County, may be sued under Section 1983 only "when execution of [the] government's policy or custom . . . inflicts the injury." *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Therefore, any Section 1983 claim against a municipal entity must "show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida,* 375 F.3d 206, 226 (2d Cir. 2004). Courts in this Circuit apply a two-prong test for Section 1983 claims brought against a municipal entity. *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). First, the plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer." *Id.* (internal citation omitted). Second, the plaintiff must establish a "'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Hayes v. County of Sullivan*, 853 F.Supp.2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). "[T]he simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." *Davis v. City of New York*, No. 07-CV-1395 (RPP), 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008) (holding that "conclusory allegations that a municipality failed to train and supervise its employees" are insufficient to state a *Monell* claim absent supporting factual allegations).

Plaintiff cannot satisfy the first prong necessary to establish *Monell* liability because his Complaint lacks sufficient allegations to indicate the existence of a municipal policy or custom on the part of Orange County. In fact, and as Orange County argues, Plaintiff fails to make even one allegation concerning a municipal policy or custom. (ECF No. 31, at 9-10; *see generally* Compl.)

Given Plaintiff's failure to establish a municipal policy or custom, Plaintiff also cannot satisfy the second prong of Monell, which requires a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Thus, Plaintiff's claims against Orange County pursuant to Section 1983 for assault and excessive force in violation of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution are dismissed without prejudice for failure to state claims upon which relief may be granted.[2]

## II.     Plaintiff's Claim Against Sellers Pursuant to Section 1983 for Failure to Intervene in Violation of the Fifth and Fourteenth Amendments to the U.S. Constitution

Plaintiff's Fifth Count alleges a claim against Defendant Sellers pursuant to Section 1983 for failure to intervene in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. (Compl. ¶ 43.) Specifically, Plaintiff alleges that: (1) "upon information and belief, Sellers was aware of [the taunts Luckner directed at Plaintiff] and did nothing to prevent the situation from escalating"; and (2) "upon information and belief, Sellers was in a position to hear [Luckner's assault of Plaintiff] but did not intervene to stop the beating by Luckner." (Compl., ¶¶ 15, 18.)

---

[2]  Relatedly, Plaintiff also claims that Orange County is vicariously liable for Luckner's actions under Section 1983 because Orange County hired the food services company for which Luckner was working at the time of the alleged assault; Plaintiff reasons that, because of this employment arrangement, Luckner acted under color of state law when he purportedly assaulted Plaintiff, which means that Orange County bears municipal liability for his actions. (*See* ECF No. 36, at 3.) However, this allegation simply repeats Plaintiff's Monell claim against Orange County under the guise of a Section 1983 claim against Luckner. As noted above, Plaintiff cannot assert a Section 1983 claim against a municipality like Orange County without alleging that a municipal policy or custom existed, and Plaintiff does not allege that Orange County possessed any policy or custom whatsoever. Plaintiff only alleges one instance of unconstitutional conduct by a defendant who, via his employer, was contracted by Orange County. *See Newton v. City of New York*, 566 F. Supp. 2d 256, 270–71 (S.D.N.Y. 2008) (noting, "in order for an individual deprived of a constitutional right to have recourse against a municipality under section 1983, he must show that he was harmed by a municipal "policy" or "custom"… a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the State").

"Law enforcement officials have an affirmative duty to intervene to protect [the] constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Terebesi v. Torreso*, 764 F.3d 217, 243 (2d Cir. 2014) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)). A correctional officer can be liable for failure to intercede when: "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F.Supp.2d 501, 512 (S.D.N.Y. 2008) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988); and *McLaurin v. New Rochelle Police Officers*, 373 F. Supp. 2d 385, 395 (S.D.N.Y. 2005)). "[A] failure to intervene claim is contingent only on the underlying claim." *Arbuckle v. City of New York*, 14-CV-10248 (ER), 2016 WL 5793741, at *14 (S.D.N.Y. Sept. 30, 2016) (citing *Matthews v. City of New York*, 889 F.Supp.2d 418, 443–44 (E.D.N.Y. 2012)). Accordingly, "there can be no failure to intervene claim without a primary constitutional violation." *Sanabria v. Tezlof*, No. 11 Civ. 6578 (NSR), 2016 WL 4371750, at *5 (S.D.N.Y. Aug. 12, 2016) (quoting *Forney v. Forney*, 96 F.Supp.3d 7, 13 (E.D.N.Y. 2015).

Even if the Court concluded that Luckner's assault of Plaintiff represented a primary violation of Plaintiff's constitutional rights, as is necessary to plausibly state a failure to intervene claim pursuant to Section 1983, Plaintiff has not pled sufficient factual content for the court to draw the reasonable inference that Sellers failed to intervene to prevent the assault. Plaintiff's allegations amount to vague, conclusory statements that Sellers was: (1) "aware" of Luckner's taunts but failed to intervene; and (2) that Luckner "was in a position to hear" the assault but failed to stop it. (Compl. ¶¶ 15, 18.) Although under the *Twombly* plausibility standard a plaintiff may plead facts asserted upon information and belief "where the belief is based on actual information

that makes the inference of culpability plausible," the allegations that Plaintiff advances concerning Sellers' ability to intervene are bereft of any factual content; Plaintiff does not offer any specific allegations relating to how Sellers was "aware" of Luckner's taunting, or where Sellers was physically located during the purported assault of Plaintiff. *See Iqbal*, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Amidax Trading Group v. SW.IF.T. SCRL*, 671 F.3d 140, 146 (2d Cir. 2011) ("It is well established that we need not credit a complaint's conclusory statements without reference to its factual context"). In the absence of any factual content concerning how Sellers "had a realistic opportunity to intervene and prevent" Luckner's assault of Plaintiff, the Court cannot draw the reasonable inference that Sellers failed to intervene in violation of Plaintiff's constitutional rights. *Jean-Laurent v. Wilkinson*, 540 F.Supp.2d 501, 512 (S.D.N.Y. 2008) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988); *see also Tieman v. City of Newburgh*, No. 13-CV-4178 KMK, 2015 WL 1379652, at *26 (S.D.N.Y. Mar. 26, 2015) (dismissing the plaintiff's failure to intervene claim because he failed to specifically allege that the defendant officer against whom he brought this claim was present at the scene of the alleged assault, and granting the plaintiff leave to amend his complaint to offer additional details regarding the defendant officer's location); *Hardy v. City of New York*, No. 12 CIV. 17 RJS, 2013 WL 5231459, at *4 (S.D.N.Y. July 9, 2013) (dismissing the plaintiff's failure to intervene claims in part because he failed to specifically allege the locations of the officer defendants at the time he purportedly suffered an arrest that violated his constitutional rights); *Case v. City of New York*, 233 F.Supp.3d 372, 402 (S.D.N.Y. 2017) (dismissing the plaintiff's failure to intervene claims where the plaintiff relied on: (1) "broad allegations" that the individual defendant officers were "responsible for" and "directed or supervised" the defendants

that committed the underlying constitutional violation, which involved the denial of the plaintiff's fair trial rights; and (2) the plaintiff did not specifically allege that the defendant officers were present for the events that precipitated the denial of the plaintiff's fair trial rights). Thus, Plaintiff's claim against Sellers pursuant to Section 1983 for failure to intervene in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution is dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III.    State Law Claims Against Defendants Luckner, Trinity, and Orange County for Assault and Excessive Force

In Counts Six and Seven of his Complaint, Plaintiff asserts state law claims against Defendants Luckner, Trinity, and Orange County for assault and excessive force. (Compl. ¶¶ 45-52.). However, in light of this Court's decision to grant Defendants' motions to dismiss on each of Plaintiff's federal claims, there is no need to assess the merits of Plaintiff's state law claims; the request to exercise supplemental jurisdiction over them is therefore declined. *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006); *see also Rocco v. N.Y.S. Teamsters Conference Pension and Ret. Fund*, 281 F.3d 62, 72 (2d Cir. 2002) (recognizing that a district court does not need to exercise supplemental jurisdiction over state claims where it dismisses federal claims).

## CONCLUSION

For the foregoing reasons, the County Defendants and Trinity's motions to dismiss Plaintiff's Complaint are GRANTED. All claims against the County Defendants and Trinity are dismissed without prejudice.

Plaintiff is granted leave to file an Amended Complaint on or before April 26, 2023. Should Plaintiff not file an Amended Complaint by this date, Plaintiff's claims will be dismissed with prejudice. In the event Plaintiff files an Amended Complaint on or before April 26, 2023,

Defendants are directed to answer, or otherwise respond to, the Amended Complaint within twenty-one (21) days following Plaintiff's filing of the Amended Complaint.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 29 and 38.

SO ORDERED:

Dated:   March 27, 2023
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge