USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___2/10/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL MUNIZ III,

                    Plaintiff,

        -against-

ORANGE COUNTY, TRINITY SERVICES
GROUP, INC., LUCKNER SYDNEY, and
CORRECTIONAL OFFICER SELLERS,

                    Defendants.

---

22-cv-529 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Samuel Muniz III ("Plaintiff") brings this action against Defendant Orange County Jail ("Orange County").[1] and Defendant Correctional Officer Sellers ("Sellers") (collectively, the "County Defendants"), as well as against Defendant Trinity Services Group, Inc. ("Trinity") and Defendant Luckner Sydney ("Luckner")[2] pursuant to 42 U.S.C. §1983 ("Section 1983") seemingly alleging federal law claims for assault, failure to intervene, and retaliation. (*See generally* Amended Complaint ("Am. Compl."), ECF No. 97.)

The County Defendants and Trinity each move to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF Nos. 112 and 120.) The Court addresses Defendants' motions together in this Opinion. For the following reasons, County Defendants' and Trinity's motions to dismiss Plaintiff's claims are GRANTED.

---

[1] The Court notes that *pro se* Plaintiff names the Orange County Jail as a defendant rather than the County. Because the Orange County Jail is not a suable entity, the Court infers, for purposes of this Opinion, that Plaintiff intended to name the County of Orange. *See Cooper v. Orange County*, 15 CV 10075 (VB), 2017 WL 3309754, at *2 (S.D.N.Y. August 2, 2017) ("…[u]nder New York law, a municipal department, such as Orange County Jail, does not have a legal identity apart from the municipality that created it, and therefore it cannot be sued under Section 1983.").

[2] Via a letter to the Court dated March 7, 2024, Defendant Luckner Sydney confirmed his name is Luckner Sydney (and not Sydney Luckner). For consistency with this Court's previous Opinions for this case, the Court will refer to Luckner Sydney as Luckner throughout this Opinion.

1

**BACKGROUND**

The following facts are derived from the Amended Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

The entirety of Plaintiff's Amended Complaint states the following:

> To whom it may concern I was assaulted by Luckner Sydney when he work[ed] as a cook for Trinity Services Group Inc. I had a broken jaw before and had titanium in it was [surgically] removed after the fight due to it being broken. Sellers walked away when we started to go back and forth with words and neglected to stop [it] from escalating instead went on break. Also I walked away several times from Sydney trying not to fight, he targeted me also trying to make a unsafe work place and making [a] hostile environment for me. Also I was retaliated against, Sydney was on camera getting me a COVID-19 mask, hairnet, ice bag and apron so I can hide the assault and the black eye he gave me 2 days later I had to talk to an investigator after that he was fired and [denied] access to the facility also I heard he was arrested and that is it. Thank you for hearing my complaint and consideration God bless you.

(Am. Compl. at 4-5.)

While Plaintiff, who was incarcerated at the time of the events in question, failed to state the legal basis for his claim in the Amended Complaint, Plaintiff seemingly alleges a violation of his First and Eighth Amendment rights pursuant to 42 U.S.C. §1983. Specifically, Plaintiff alleges that he was assaulted by Luckner (Sydney), an employee of Trinity, while the two were working in the kitchen together at the Orange County Correctional Facility on January 25, 2020, and that Sellers failed to take any action to prevent the attack. (*Id.*) As a result of the attack, Plaintiff alleges that he sustained a black eye, necessitated surgical removal of a titanium plate in his jaw, and was caused to suffer PTSD and physical and emotional distress. (*Id.* at 5.) Plaintiff also alleges that he was "retaliated against" and seeks "900,000 for emotional and physical stress." (*Id.*)

**PROCEDURAL HISTORY**

Plaintiff commenced this action on January 20, 2022 against Orange County, Officer Sellers, Trinity Services Group, Inc., and Luckner Sydney with the filing of the original complaint

2

(ECF No. 1.) On June 17, 2022, County Defendants and Trinity filed separate motions to dismiss Plaintiff's complaint in its entirety. (ECF Nos. 29–34, 38–43.) By Opinion and Order dated March 27, 2023, this Court dismissed Plaintiff's complaint in its entirety as against County Defendants and Trinity. (ECF No. 57.) Thereafter, Plaintiff's then counsel filed a motion for reconsideration. (ECF No. 58.) Plaintiff's motion for reconsideration was fully briefed and, upon reconsideration, on March 14, 2024, this Court again granted County Defendants' and Trinity's motions to dismiss. (ECF No. 68.)

Following Plaintiff's counsel's retirement in May 2024, Plaintiff was granted multiple extensions of time to file an amended complaint, which he ultimately filed on December 13, 2024. (ECF No. 97.) County Defendants and Trinity now move to dismiss Plaintiff's Amended Complaint. (ECF Nos. 112, 120.) Despite an extension of time (ECF No. 124), Plaintiff failed to serve his opposition to County Defendants' and Trinity's motions to dismiss by the Court-ordered deadline, ultimately doing so on September 15, 2025. (ECF No. 130.) In light of Plaintiff's *pro se* status, the existence of two briefing schedules, Plaintiff's facility transfers, and general delays with mail from incarcerated litigants, this Court accepted Plaintiff's opposition as timely submitted *nunc pro tunc* and deemed the motions fully briefed. (ECF No. 132.)

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly

3

give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[ ] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Finally, where, as here, a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider new claims appearing for the first time in the briefing if the claims "could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v.MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *6 (S.D.N.Y.2014). Further, where plaintiff proceeds *pro se*, the court must "construe [] [his] [complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Corbett v. Annucci*, 2018 U.S. Dist. LEXIS 24291, 2018 WL 919832, at *2 (S.D.N.Y Feb. 12, 2018) (alterations in original). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from

4

compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

**B. Section 1983**

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

**C. Law-of-the-Case Doctrine**

The law-of-the-case doctrine "holds that when a court has ruled on an issue, that decision

5

should generally be adhered to by the court in subsequent stages unless cogent and compelling reasons militate otherwise." *Delville v. Firmenich Inc.*, 23 F. Supp. 3d 414, 425 (S.D.N.Y. 2014) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). *See also In re Peters*, 642 F.3d 381 (2d Cir. 2011) (noting that while not binding the law-of-the-case doctrine counsels against a court revisiting prior rulings absent compelling reasons such as the need to correct a clear error or prevent manifest injustice); *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100 (S.D.N.Y. 2010) (same).

## DISCUSSION

Plaintiff brings claims pursuant to Section 1983, seemingly alleging First and Eighth Amendment violations. The Court will address Plaintiffs' claims in turn.

### I.  Plaintiff's *Monell* and Vicarious Liability Claims Against Orange County and Trinity

While not entirely clear from the face of Plaintiff's Amended Complaint, Plaintiff seemingly asserts a *Monell* claim against Orange County for Sellers' alleged failure to intervene and asserts Trinity is vicariously liable for Luckner's alleged assault of Plaintiff. Trinity moves to dismiss Plaintiff's claims against it pursuant to the doctrine of *respondeat superior*. Likewise, County Defendants move to dismiss Plaintiff's claims for (1) *Monell* liability against Orange County and (2) the failure to intervene against Sellers.

#### A.  *Respondeat Superior* Liability

This Court previously dismissed Plaintiff's claims against Trinity under the theory of *respondeat superior*, finding that Plaintiff had not sufficiently pled that Luckner was acting within the scope of his employment with Trinity when he allegedly assaulted Plaintiff. *Muniz v. Orange County*, (22 CV 529) (NSR), 20243 WL 2648776 (S.D.N.Y. March 27, 2023), *on reconsideration*, (22 CV 529) (NSR), 2024 WL 1142550 (S.D.N.Y. March 14, 2024) at *8-13. Plaintiff's Amended

Complaint and opposition letters offer no additional allegations to change the Court's previous analysis.

To restate the relevant standard, "[u]nder New York law, 'an employer may be vicariously liable for the tortious acts of employees only if those acts were committed in furtherance of the employer's business and within the scope of employment.'" *A.W. by E.W. v. New York Dep't of Educ.*, No. 19-CV-7011 (MKB), 2023 WL 7485182, at *52 (E.D.N.Y. Nov. 13, 2023) (quoting *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251, 739 N.Y.S.2d 348, 765 N.E.2d 844 (2002)). This applies whether an employee acts intentionally or negligently, "so long as the tortious conduct is generally foreseeable and a natural incident of the employment." *Phillips v. Uber Techs., Inc.*, No. 16 CIV. 295 (DAB), 2017 WL 2782036, at *5 (S.D.N.Y. June 14, 2017) (quoting *Judith M. v. Sisters of Charity Hosp.*, 93 N.Y.2d 923, 933, 693 N.Y.S.2d 67, 715 N.E.2d 95 (1999), in turn citing *Riviello v. Waldron*, 47 N.Y.2d 297, 304 (N.Y. 1979)). "[I]n cases involving a use of force, whether an employee is acting within the scope of employment requires consideration of whether the employee was authorized to use force to effectuate the goals and duties of the employment." *A.W. by E.W.*, 2023 WL 7485182, at *53 (citing *Rivera v. State,* 34 N.Y.3d 383, 390 (2019)).

"An employer will not be responsible for the torts of an employee who is not acting in furtherance of his employer's business or who acts only on personal motives." *A.W. by E.W.*, 2023 WL 7485182, at *53 (collecting New York state cases). That said, even if an employee's actions are driven by personal motives, intentional torts may still fall within the scope of employment, and an employee's motivation is only one factor for the court to consider in determining "whether such acts were foreseeable as a natural incidence of the employment." *Id.* (citing *M.K. v. State*, 216 A.D.3d 139, 191 N.Y.S.3d 538, 542 (App. Div. 2023), in turn quoting *Rivera*, 34 N.Y.3d at 389). If the act is foreseeable, the question becomes "whether the act was done while the servant was

doing his master's work, no matter how irregularly, or with what disregard of instructions."
*Riviello*, 47 N.Y.2d at 302.

In the Amended Complaint, Plaintiff identifies Luckner as a cook for Trinity, a food service provider. (Am. Compl. at 4.) Beyond this fact, Plaintiff does not describe the circumstances or reason for the fight other than vaguely stating that Luckner "targeted" him, "[tried] to make [an] unsafe work place and…hostile environment" for him, and "retaliated against" him. (*Id.*) As with his original complaint,

> Plaintiff has failed to plead any facts permitting the Court to reasonably infer that Luckner was driven by business rather than personal motives, that it was customary or expected for Luckner to use force in his position, or that Luckner's use of force was reasonably foreseeable by Trinity. Thus, even drawing all reasonable inferences in favor of Plaintiff, no reasonable jury could conclude that Luckner's assault of Plaintiff was within the scope of his employment with Trinity.

*Muniz*, 2024 WL 1142550, at *13.

Similarly, to the extent Plaintiff's Amended Complaint states a claim of vicarious liability against Orange County as to Luckner's actions, such claim also fails. This Court previously held:

> It is undisputed that Luckner was an employee of Trinity and not Orange County…It is well settled that an employer cannot be held vicariously liable for an individual who is not an employee. *Norwood v. Simon Prop. Grp., Inc.*, 200 A.D.3d 891, 894, 159 N.Y.S.3d 482 (2021) (dismissing vicarious liability claim against non-employer defendant). Accordingly, Orange County cannot be held vicariously liable for Luckner, whom it did not employ.

*Muniz*, 2024 WL 1142550, at *8.

Plaintiff's Amended Complaint offers no new facts to alter the Court's previous analysis and so Plaintiff's vicarious liability claims against Orange County and Trinity are dismissed.

### B. *Monell* Liability

To the extent Plaintiff asserts a *Monell* claim against Orange County, such claim fails. Under *Monell*, "[i]n order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official

8

policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dept. of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 690–91 (1978)). Thus, a municipality, such as Orange County, may be sued under Section 1983 only "when execution of [the] government's policy or custom…inflicts the injury." *Monell*, 436 U.S. at 694. Therefore, any Section 1983 claim against a municipal entity must "show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: "(1) a formal policy officially adopted by the municipality; (2) actions taken or decisions made by municipal officials with final policymaking authority that caused the alleged deprivation; (3) a practice so persistent and widespread that it constitutes a custom or usage with the force of law; or (4) a failure to properly train or supervise employees that amounts to deliberate indifference to individuals' constitutional rights." *White v. Westchester County*, No. 18-CV-730 (KMK), 2018 WL 6726555, at *10 (S.D.N.Y. Dec. 21, 2018) (quoting *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010)).

Plaintiff's Amended Complaint cannot satisfy the fifth prong of *Monell* because it lacks sufficient allegations to indicate the existence of a municipal policy or custom on the part of Orange County. In fact, as county Defendants argue, the Amended Complaint does not contain a single allegation concerning a municipal policy, practice, or custom that resulted in Plaintiff's injuries; at best, Plaintiff describes a solitary incident involving himself and Luckner, a non-Orange County employee, which is insufficient to satisfy the pleading requirements for a *Monell* claim. (*See generally* Am. Compl.; County Def. Mem. of L. at 5.)

To the extent Plaintiff's Amended Complaint states a Section 1983 claim against Trinity, such claim similarly fails. It is undisputed that Trinity is a private food service contractor to the

9

Orange County Correctional Facility. In order to recover against a private entity under Section 1983, a plaintiff must prove that "action pursuant to [an] official…policy of some nature caused a constitutional tort." *Rojas v. Alexander's Dept. Store*, 924 F.2d 406, 409 (2d Cir. 1990) (quoting *Monell*, 436 U.S. at 691); *see also  Jouthe v. City of New York*, No. 05-CV-1374 NGG VVP, 2009 WL 701110, at *18 (E.D.N.Y. Mar. 10, 2009) ("It is well-established that private employers are not liable under [§] 1983 for the constitutional torts of their employees, unless the plaintiff proves that action pursuant to official policy of some nature caused a constitutional tort") (internal quotations omitted); *Fisk v. Letterman*, 401 F. Supp. 2d 362, 375 (S.D.N.Y. Nov. 17, 2005) ("[A] private corporation could be held liable under [§] 1983 for its own unconstitutional policies. Therefore, a plaintiff must prove that action pursuant to official policy of some nature caused a constitutional tort") (internal quotations omitted). Plaintiff does not plead a single fact to support the inference that Luckner's conduct was pursuant to an official policy or custom of Trinity.

Accordingly, Plaintiff's *Monell* claims against Orange County and Trinity, to the extent any exist, are dismissed for failure to state a claim upon which relief may be granted.

## II.  Plaintiff's Failure to Intervene Claim Against Sellers

This Court previously dismissed Plaintiff's Section 1983 claim for failure to intervene because Luckner was not acting under the color of state law when he assaulted Plaintiff. *Muniz*, 2024 WL 1142550, at *13–17. Specifically, this Court determined that "the mere fact that Luckner was employed by Trinity—undisputedly a state actor providing food services to [Orange County Correctional Facility] pursuant to a contract—is insufficient to establish that he was acting under color of state law" when he assaulted Plaintiff because his conduct was entirely unrelated to the provision of food services and solely for his own personal motives. *Id.* at 15–16. In no way does Luckner's assault of Plaintiff "flow[] directly from the obligations of the [state of New York] and

is performed under its supervision." *Salgado v. DuBois*, No. 17-CV-6040 (NSR), 2019 WL 1409898, at *9 (S.D.N.Y. Mar. 28, 2019); *see also Pagan v. Westchester Cnty.*, No. 12 CIV. 7669 PAE JCF, 2014 WL 982876, at *23 (S.D.N.Y. Mar. 12, 2014) ("There must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains.").

It follows, then, that because Luckner was not acting under color of state law, Plaintiff cannot establish an underlying violation of his constitutional rights stemming from the assault and, therefore, Sellers cannot be liable for failure to intervene. *See Smith v. City of New York*, (1:18-cv-05079 (MKV)), 2021 WL 4267525, at *14 (Sept. 20, 2021) (failure to intervene claim fails as a matter of law where there was no underlying constitutional violation for excessive force); *Arbuckle v. City of New York*, (No. 14-cv-1-248 (ER)), 2016 WL 5793741, at *14 (S.D.N.Y. Sept. 30, 2016) ("As a preliminary matter, a failure to intervene claim is contingent only on the underlying claim.") (citing *Matthews v. City of New York*, 889 F. Supp. 2d 418, 443–444 (E.D.N.Y. 2012)).

Accordingly, because the allegations in Plaintiff's Amended Complaint and opposition papers do not alter the Court's previous analysis, Plaintiff's failure to intervene claim against Sellers is dismissed.

## III.  Plaintiff's Failure to Protect Claim Against Sellers

County Defendants seek to dismiss Plaintiff's purported claim for failure to protect. Although this claim is not explicitly stated in the Amended Complaint, in their memorandum of law in support of their motion to dismiss, County Defendants construed Plaintiff's allegations as an attempt to state a claim as against Sellers for failure to protect him from harm. (County Def. Mem. of L. at 7.) This Court previously dismissed this claim on grounds that Plaintiff failed to

11

show that Sellers had the requisite culpable state of mind. *Muniz*, 2024 WL 1142550, at *19. Plaintiff's Amended Complaint and opposition letters are similarly deficient.

"To state a claim under the Eighth Amendment on the basis that a defendant has failed to prevent harm, a plaintiff must plead both (a) conditions of confinement that objectively pose an unreasonable risk of serious harm to their current or future health, and (b) that the defendant acted with 'deliberate indifference.'" *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the first, or objective prong, a plaintiff must "establish the deprivation of a basic human need such as reasonable safety" as a result of defendant's "creation of a substantial risk of harm." *Bouknight v. Shaw*, (No. 08 Civ. 5187) (PKC), 2009 WL 969932, at *4 (S.D.N.Y. April 6, 2009) (internal quotations omitted). To satisfy the second, or subjective prong, a plaintiff must allege that the defendant "acted maliciously and sadistically to cause harm or, at least, was deliberately indifferent to an excessive risk to inmate health or safety." *Id.* at 5 (internal quotations omitted). "A prerequisite to alleging deliberate indifference by a correction officer as part of an Eighth Amendment claim based on failure to protect is an allegation that the officer was aware that the inmate faced a significant risk of serious injury." *Bacon v. Evans*, (No. 20-CV-6337) (KMK), 2021 WL 5643038, at *5 (S.D.N.Y. Dec. 1, 2021).

Here, even assuming Plaintiff satisfies the first prong of the test based on his claimed injuries, he fails the second prong because he fails to allege that Sellers was aware that Plaintiff faced significant risk of serious injury. In his Amended Complaint, Plaintiff merely alleges that "Sellers walked away" and went on break when he and Luckner "started to go back and forth." (Am. Compl. at 4.) In his opposition, Plaintiff makes the single conclusory allegation that Sellers "failed to provi[de] his protective training." (Pl. Opp. at 1.) As County Defendants argue, Plaintiff

does not specify the words that were exchanged that should have put Sellers on notice that Plaintiff was at risk of harm nor does he allege that he ever told Sellers that Luckner was harassing him, that he was afraid of Luckner, that Luckner ever made any direct threats against him, that he had any problems with Luckner of which Sellers was aware or that Luckner had a history of assaulting other inmates assigned to work in the kitchen. (Def. Mem. of L. at 8-9.) Simply put, Plaintiff's Amended Complaint and opposition papers are devoid of factual allegations that Sellers was aware that Plaintiff faced a significant risk of injury.

Accordingly, to the extent Plaintiff asserts any claim premised upon a theory of failure to protect as against Sellers, such claim is dismissed.

## IV. Plaintiff's Retaliation Claim

While not entirely clear, Plaintiff also seems to assert a retaliation claim. In his Amended Complaint, Plaintiff asserts as follows: "Also I was retaliated against." (Am. Compl. at 4.) However, as County Defendants point out, Plaintiff does not specify who retaliated against him or when the retaliation occurred nor does he describe the alleged retaliatory acts. (*Id.*; Def. Mem. of L. at 10.) Without more, such an allegation is insufficient to satisfy the pleadings requirements for a retaliation claim.

The Court notes that, in a letter dated January 7, 2025 submitted in response to County Defendants' letter seeking leave to file the instant motion, Plaintiff sets forth additional allegations in support of his purported retaliation claim.[3] (*See* ECF No. 105.) A review of the letter indicates that Plaintiff is apparently claiming he was retaliated against around the time of the incident in

---

[3] The Court is addressing the allegations in this letter, made outside of the pleadings, because it is entitled to consider them to the extent that they are consistent with the allegations raised in the Amended Complaint. *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) (where, as here, a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint").

13

January 2021. (*Id.*) Because Plaintiff's retaliation claim is premised upon acts alleged to have occurred in January 2021 and Plaintiff raised these allegations in January 2025, Plaintiff's retaliation claim is time-barred by the applicable three-year statute of limitations for Section 1983 claims.

Accordingly, Plaintiff's retaliation claim, to the extent one exists, is dismissed as time-barred.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motions to dismiss filed by the County Defendants and Trinity.

Because Plaintiff previously had the benefit of the Court's opinion identifying the deficiencies in his claims and was afforded an opportunity to amend, the Court concludes that further amendment would not cure the substantive defects in Plaintiff's claims and would therefore be futile. Accordingly, Plaintiff's claims against Defendants Orange County, Correctional Officer Sellers, and Trinity Services Group, Inc. are dismissed with prejudice.

The only remaining defendant in this action is Luckner Sydney, a non-state actor, against whom Plaintiff may assert only state law claims.[4] Plaintiff is therefore ORDERED TO SHOW CAUSE, by March 10, 2026, why the Court should not dismiss the remaining state law claim against Defendant Luckner Sydney for lack of subject matter jurisdiction. If Plaintiff fails to respond by the Court-ordered deadline, the Court will dismiss the claim against Defendant Luckner Sydney without prejudice for Plaintiff to refile in state court if he wishes.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 112 and 120; to terminate Defendants Orange County, Correctional Officer Sellers, and Trinity Services

---

[4] Plaintiff had previously asserted state law claims for assault and excessive force against Defendant Luckner Sydney. *See* Complaint, ECF No. 1.

14

Group, Inc. from this action; and to mail a copy of this Order to pro se Plaintiff and pro se Defendant Luckner Sydney at their respective addresses on ECF and to show service on the docket.


Dated:   February 10, 2026                                     SO ORDERED:
         White Plains, New York

                                              _____
                                                    NELSON S. ROMÁN
                                              United States District Judge

15